**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**MICAH SHEETS,**

       **Plaintiff,**           Case No.:

**v.**

**LIBRARY SYSTEMS & SERVICES, LLC,**
**("LLS"), F L S II, LLC and SUMTER COUNTY,**
**FLORIDA, DIVISION OF LIBRARY SERVICES,**

       **Defendants.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, MICAH SHEETS, by and through his undersigned counsel and sues the Defendants LIBRARY SYSTEMS & SERVICES, LLC, F L S II, LLC and SUMTER COUNTY, FLORIDA, DIVISION OF LIBRARY SERVICES (hereinafter referred to as "LLS", "FLS" and "SUMTER COUNTY" or "Defendants") and states as follows:

**JURISDICTION AND VENUE**

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1367 and 1441(b).

2.    Venue lies within the United States District Court for the Middle District of Florida, Ocala Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Defendant, LIBRARY SYSTEMS & SERVICES, LLC is a Foreign Limited Liability Company authorized and doing business in this Judicial District.

4. Defendant is F L S II, LLC is a Florida Limited Liability Company authorized and doing business in this Judicial District.

5. Defendant, SUMTER COUNTY, FLORIDA, DIVISION OF LIBRARY SERVICES is a Political Subdivision of the State of Florida.

6. Plaintiff is a resident of Sumter County. At all times material, Plaintiff was employed by Defendants.

7. Defendants, LIBRARY SYSTEMS & SERVICES, LLC, F L S II, LLC and SUMTER COUNTY, FLORIDA, DIVISION OF LIBRARY SERVICES are a joint employer and/or integrated enterprise.

8. Plaintiff, MICHAH SHEETS, is a resident of Sumter County, Florida. At all times material, Plaintiff was an employee of Defendants within the meaning of the Americans with Disabilities Act and the Florida Civil Rights Act.

## GENERAL ALLEGATIONS

9. At all times material, Defendants acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

10. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employers.

11. Plaintiff has retained the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

12. Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

13. Plaintiff, MICAH SHEETS, timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on April 18, 2018. Plaintiff's Charge of Discrimination is attached as **Exhibit A**.

14. On December 12, 2018, the EEOC issued a Dismissal and Notice of Rights related to Plaintiff's Charge of Discrimination. A copy of the Dismissal and Notice of Rights is attached as **Exhibit B**. This Complaint has been filed within ninety (90) days of the issuance of the Dismissal and Notice of Rights; therefore, Plaintiff has met all conditions precedent to filing this Complaint.

15. Plaintiff has satisfied all conditions precedent, therefore jurisdiction over this claim is appropriate pursuant to Chapter 760, *Florida Statutes*, because more than one-hundred and eighty (180) days have passed since the filing of the Charge.

## FACTUAL ALLEGATIONS

16. Plaintiff is an individual with a disability; specifically, Plaintiff has been diagnosed with and suffers from Dyslexia.

17. On or about November 14, 2017, Plaintiff began her employment with Defendants.

18. On Plaintiff's first day of employment, Plaintiff disclosed her disability to Michelle (last name unknown, Training Supervisor) and requested a reasonable

accommodation for her disability to be given and extra fifteen (15) minutes to sort and shelve books.

19. Michelle (last name unknown) looked at Plaintiff and did not respond. Plaintiff had to remind Michelle of her disability several times during training.

20. On or about November 14, 2017, Plaintiff was advised by Michelle that Plaintiff, along with all new employees, had to take a written test.

21. Plaintiff took the test and was advised by Alice (last name unknown, Manager) that she passed.

22. Plaintiff asked the other employees if they were required to take the test and learned they were not.

23. Later that evening, on or about November 14, 2017, Plaintiff received a text message from Marcos (last name unknown, Recruiter), advising her not to report to work the following day, November 15, 2017, and to call him.

24. Plaintiff immediately returned his call and was told she was being terminated from her position with Defendants because the "company no longer needed" her. Plaintiff asked why, but Marco stated that he did not know.

25. The next day, on or about November 15, 2017, Marcos told Plaintiff that she was terminated because Plaintiff was not up to the 100% mark and she was not working fast enough.

## COUNT I
## AMERICANS WITH DISABILITIES ACT – DISCRIMINATION

26. Plaintiff, MICAH SHEETS, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-five (25).

27. Plaintiff is an individual entitled to protection under the Americans with Disabilities Act, as amended, 42 U.S.C. §12112 *et seq*.

28. Plaintiff is an employee within the meaning of the Americans with Disabilities Act, as amended.

29. Plaintiff is an individual with a disability within the meaning of the Americans with Disabilities Act, as amended.  Specifically, Plaintiff's Dyslexia substantially limited one or more major life activities.

30. Plaintiff was a qualified individual with a disability within the meaning of the Americans with Disabilities Act, as amended, because Plaintiff, with or without a reasonable accommodation, could perform the essential functions of her job.

31. By the conduct described above, Defendants have engaged in unlawful employment practices and discriminated against Plaintiff on account of her known disability, and/or because Defendants regarded her as having a disability, and/or because of Plaintiff's record of having a disability in violation of the Americans with Disabilities Act, as amended. Specifically, Defendants failed to reasonably accommodate Plaintiff's disability and failed to engage in an interactive process in determining a reasonable accommodation.  Furthermore, Defendants discriminated against Plaintiff by terminating her employment.

32. The above described acts of disability discrimination constitute a violation of the Americans with Disabilities Act, as amended, for which Defendants are liable.

33. Defendants' unlawful and discriminatory employment practices toward Plaintiff were intentional.

34. Defendants' unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

35. As a result of Defendants' unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, MICAH SHEETS, prays for the following damages against Defendants, LIBRARY SYSTEMS & SERVICES, LLC, F L S II, LLC and SUMTER COUNTY, FLORIDA, DIVISION OF LIBRARY SERVICES:

    a.    Back pay and benefits;

    b.    Prejudgment interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e.    Punitive damages;

    f.    Attorneys' fees and costs;

    g.    Injunctive relief; and

    h.    For any other relief this Court deems just and equitable.

## COUNT II
## FLORIDA CIVIL RIGHTS ACT – DISABILITY/HANDICAP DISCRIMINATION

36. Plaintiff, MICAH SHEETS, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-five (25).

37. Plaintiff is an individual entitled to protection under the Florida Civil Rights Act, Chapter 760, *Florida Statutes*.

38. Plaintiff is an employee within the meaning of the Florida Civil Rights Act.

39. Plaintiff is an individual with a disability/handicap within the meaning of the Florida Civil Rights Act. Specifically, Plaintiff's Dyslexia substantially limits one or more major life activities.

40. Plaintiff was a qualified individual with a disability within the meaning of the Florida Civil Rights Act, because Plaintiff, with or without a reasonable accommodation, could perform the essential functions of her job.

41. By the conduct described above, Defendants have engaged in unlawful employment practices and discriminated against Plaintiff on account of her known disability, and or because Defendants regarded her as having a disability, and/or because of Plaintiff's record of having a disability in violation of the Florida Civil Rights Act. Specifically, Defendants failed to reasonably accommodate Plaintiff's disability and failed to engage in an interactive process in determining a reasonable accommodation. Furthermore, Defendants discriminated against Plaintiff by ending her employment.

42. The above described acts of disability discrimination constitute a violation of the Florida Civil Rights Act, for which Defendants are liable.

43. Defendants' unlawful and discriminatory employment practices toward Plaintiff were intentional.

44. Defendants' unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

45. As a result of Defendants' unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, MICHAH SHEETS, prays for the following damages against Defendants, LIBRARY SYSTEMS & SERVICES, LLC, F L S II, LLC and SUMTER COUNTY, FLORIDA, DIVISION OF LIBRARY SERVICES:

 a. Back pay and benefits;

 b. Prejudgment interest on back pay and benefits;

 c. Front pay and benefits;

 d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

 e. Punitive damages;

 f. Attorneys' fees and costs;

 g. Injunctive relief; and

 h. For any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

46. Plaintiff, MICAH SHEETS, demands a trial by jury on all issues so triable.

**DATED** this 7th day of January 2019.

**FLORIN GRAY BOUZAS OWENS, LLC**

*/s/ Gregory Owens*
**GREGORY A. OWENS, ESQUIRE**
Florida Bar No.: 51366
greg@fgbolaw.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wolfgang@fgbolaw.com
16524 Pointe Village Drive
Suite 100
Lutz, Florida 33558
(727) 254-5255
(727) 483-7942 (fax)
*Trial Attorneys for Plaintiff*